The case of Fitts v. Hawkins, 2 Hawks, 394, seems to be an authority upon every point that can be made in this case. We do not go through the acts of Assembly about taxes, because they were looked into and received a construction in that case. It was there decided that the sheriff appointed in 1826 was the proper officer to collect the tax of that year, and that if the successor had actually collected them his
sureties were not bound. That suit was against the sureties for the (369) year in which the taxes were collectable and collected, and it was decided for them. This of itself goes far to establish the liability of the sureties for the preceding year, for it is incredible that the Legislature should mean that, upon a change of sheriffs, there should in any possible case be no authority to collect the taxes, or no security for them when collected.
But it is said that here there is a difference, because the authority to the sheriff, namely, the tax list, which is his warrant of distress, was not delivered until his official term had expired, and then he could not begin to act on it, and therefore his sureties are not liable.
It does not appear in Fitts v. Hawkins whether the lists for 1820 were delivered before or after May, 1821. But the case is clear that it could make no difference, for the Chief Justice states that if the new sheriff receive the lists and collect the taxes, it must be in consequence of a private arrangement between him and his predecessor, which would not bind his sureties and make them responsible for two years instead of one. The new sheriff then has no authority to collect the taxes, even if the lists be delivered to him. He is not the sheriff to whom they are directed, and it is the same as if he were to take them, not being sheriff at all. This, I have said, nearly establishes the power and the duty of the former sheriff, for the law must intend that the tax shall be collected by somebody. But it is put beyond doubt by the provisions which authorize the sheriff to make those collections and distrain for them at any time *Page 301 
within a year after he is accountable at the treasury. Thus, for this purpose, his official term is extended beyond his first year, during which only his ordinary official duties continue. The argument that the duty must begin during the year, and here it did not, because the list was not delivered to him within it, is fallacious. The duty commenced when he ought to have received the lists. It is true he cannot distrain without the lists, but that is for the benefit of the citizen, that he may see what he is to pay. But the sheriff is the agent of the public to demand the lists, and it is his duty to do so, as much as of the clerk to deliver them, and he cannot avail himself of his own laches. Indeed (370) the public is not to suffer by the laches of either, and might go on to collect the tax, though the clerk refused to deliver, or the sheriff to receive the lists; whether indeed the sheriff would be liable, if the clerk upon his demand refused the lists, is a different question. No doubt he would not, and probably after a refusal by the clerk the sheriff might not afterwards be bound to receive them, unless offered at a time which would allow a reasonable period for the collection before he had to account. But here there is nothing of that sort. It is not pretended that the sheriff might not have collected, or did not in fact collect the tax. The only ground is, that he had no authority to collect it or receive the list at the time he did. And upon that it is clear that as no other officer then had, or could have that authority, and the tax list was delivered to Griffin and accepted by him at a time when, by law, he could distrain, his sureties are responsible. Griffin was the person designated by law to collect, and the previous negligence of himself and the clerk, or either of them, did not prejudice the right of the public, as against the citizens, to levy the tax, nor that against Griffin to account for the tax, the warrant to collect which he thus accepted while he yet had power to enforce it. It is not like process from an individual, of which the officer can know nothing until he receives the writ. But the sheriff knows that by law a tax is levied and that he is to collect it, and in what manner he is to get or complete his authority, and it is a breach of his duty to fail in any particular.
PER CURIAM. Judgment reversed.
Cited: Kelly v. Craig, 27 N.C. 131; S. v. Hankins, 28 N.C. 429; S.v. Woodside, 30 N.C. 117; S. v. Long, ibid., 419; Dixon v. Comrs.,80 N.C. 119; Comrs. v. Bain, 173 N.C. 379. *Page 302 
(371)